## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JAMIE ALLEN**, an individual, and on behalf of himself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**B & I CONTRACTORS, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-444**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COLLECTIVE & CLASS ACTION COMPLAINT

Plaintiff, **JAMIE ALLEN** ("Allen" or "Named Plaintiff"), on behalf of himself and all other similarly situated individuals, by and through undersigned counsel, states the following for his Collective & Class Action Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the federal Fair Labor Standards Act ("FLSA"), Florida common law, and Florida's Private Whistleblower Act (FWA) for (1) unpaid overtime, (2) unpaid wages, and (3) retaliation in violation of the FWA. Each count is brought by Allen individually, Count I is brought on behalf of Opt-In Plaintiffs under the FLSA, and Count III is brought on behalf of the Class Plaintiffs under Fed. R. Civ. P. 23.

## PARTIES

2.     Allen is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had enterprise and individual coverage under the FLSA during his employment with **B & I CONTRACTORS, INC.** ("B&I" or "Defendant"). At all material times,

1

Allen has been employed by the Defendant, a Florida corporation, as a pipe fitter foreman. Allen performed work for the Defendant in Lee and Collier Counties, Florida, which are within the Middle District of Florida, during the events giving rise to this case. Allen was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. Allen consents to bring suit against the Defendant under the FLSA. While performing services for the Defendant, Allen was engaged in interstate commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce. While performing services for the Defendant, Allen received and handled goods or materials from out-of-state sources.

3.      Defendant is a Florida corporation and is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant has the sole authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment for Plaintiff. Defendant maintains employment records of the Plaintiff and was his employer. Defendant has annual gross revenues well in excess of $500,000.00 per year and during all years in which the Plaintiff was performing services for the Defendant. Defendant's employees are engaged in interstate commerce as at least two of the Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendant) handled, transported and worked on goods or materials that have been moved in or produced for interstate commerce.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. An opt-in Collective Action is sought under FLSA 216(h) and a class action is sought pursuant to Federal Rule of Civil Procedure 23.

5.      This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee and Collier Counties, Florida, which are within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee and Collier Counties, which are within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.      Plaintiff has worked for the Defendant within the last four years and has been deprived of lawful compensation during at least the two years prior to the filing of this action.

8.      Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of his rights under the FLSA and specifically the collective action provision of the FLSA found in 216(b), to remedy violations of the wage provisions of the FLSA by the Defendant, which have deprived Plaintiff, as well as others similarly situated to the Plaintiff, of their lawful wages. Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of

his rights under the FLSA by the Defendant, which has deprived Plaintiff, as well as others similarly situated to Plaintiff, of his lawful wages.

9.      While ordinary home-to-work travel is non-compensable under the FLSA (*see* 29 CFR §785.35), the travel often assigned to the Plaintiff and those similarly situated were (a) home-to-work on special one-day assignments covered by 29 CFR §785.37 and, (b) travel away from their home community covered by 29 CFR §785.39.

10.     Pursuant to 29 C.F.R. §785.37, an employer must pay an employee for time spent traveling to and from another city in the same day. If the employee does not first report to his usual workplace, the employer may be able to deduct the time the employee usually takes to get to and from work from the time spent traveling to the other city.

11.     Pursuant to 29 CFR §785.39, when employees are required to travel away from their homes and that travel spans more than one workday, an employer must include in hours worked the time actually spent traveling, e.g., in a car or on airplane or train, only if it occurs during the employee's normal work hours. For example, if an employee normally works from 8:00 a.m. to 5:00 p.m., an employer is only required to include time spent traveling during that time period as hours worked. Time spent traveling before 8:00 a.m. and after 5:00 p.m. would not need to be included. But employers must count as hours worked time spent by employees traveling on non-workdays if the travel takes place during the employees' normal work hours.

12.     Notwithstanding the FLSA, 29 CFR §785.37 and 29 CFR §785.39, the Defendant nevertheless maintained (and still maintains) a policy whereby it does not count as compensable the time spent by its hourly, non-exempt employees (a) traveling for same-day special assignments or (b) traveling that requires away from their homes and that travel spans more than one workday.

13.     This action is brought to recover unpaid wages and overtime compensation owed to Plaintiff and all current and former employees of Defendant who are similarly situated to Plaintiff. Plaintiff and the collective/class group similarly situated are or have been employed by the Defendant and are required to perform certain work functions – travel to and from remote job locations as described above – for which they are not compensated. Plaintiff and the collective/class group of similarly situated individuals includes all non-exempt, hourly employees who were required to travel to remote work sites and were not paid for the same, including overtime wages due to them when they worked more than 40-hours in a given week.

14.     Plaintiff and those similarly situated are or were non-exempt, hourly employees who were required to travel to remote work sites and were not paid for the same. Plaintiff alleges on behalf of himself and all similarly-situated persons, that the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to pay proper wages and overtime to non-exempt, hourly employees who were required to travel to remote work sites and were not paid for the same, including Plaintiff and potential opt-in/class plaintiffs, by virtue of failing to include such time as compensable and then failing to pay overtime at the correct amount based on time and one half of the correct regular rate of pay.

15.     At all relevant times, the Defendant has failed to properly pay the Plaintiff and similarly situated persons because the Defendant miscalculates the wages and overtime due by failing to include the time spent by its hourly, non-exempt employees (a) traveling for same-day special assignments and (b) traveling that requires away from their homes and that travel spans more than one workday. Instead, the Defendant intentionally deprives employees of their lawful wages by deeming such time non-compensable, in direct violation of the FLSA, 29 CFR §785.37 and 29 CFR §785.39.

16.    The Defendant's practices alleged in ¶15, *supra*, are consistent throughout the Defendant's operations. To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of forty (40) hours per week, such practice violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 and 1/2) times the employees' regular rate.

17.    Other current and former employees of the Defendant are also entitled to receive unpaid wage and overtime compensation for the reasons alleged in this Complaint. Plaintiff is permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. 216(b). Any similarly situated employee (current or former) wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party, and such consent must be filed with this Court." 29 U.S.C. 216(b). Under Fed. R. Civ. P. 23, the class claims under Florida common law do not require Class members to opt-in.

18.    By filing this action, Plaintiff consents to sue with respect to each FLSA claim for relief against Defendant pursuant to 216(b) of the FLSA and hereby seeks relief under that provision. Hundreds of other similarly situated, non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting-in." "Consents to Sue" on behalf of additional potential opt-in plaintiffs of the Collective Action will continue to be filed as this litigation progresses.

19.    Plaintiff is distinguishable from other non-similarly situated employees of the Defendant because Plaintiff and the potential opt-in plaintiffs are hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes, which travel spanned more than one workday.

## COUNT I: COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

20.     Plaintiff hereby incorporates Paragraphs 1-19 in this Count as though fully set forth herein and bring this Count on behalf of himself and all others similarly situated.

21.     This claim for relief based on FLSA violations is brought by the Plaintiff in his own right and as a collective action under 29 U.S.C. § 216(b) for claims under the FLSA asserted on behalf of all other similarly situated persons, to wit: all hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday during the applicable time limitations period ("FLSA Collective Action").

22.     This action is maintainable as a collective action under 29 U.S.C. § 216 (b) because Plaintiff and similarly situated persons were, and are, non-exempt, hourly employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday, all of whom were subject to common policies, practices and/or edicts of the Defendant, as specified in ¶15, *supra*.

23.     Defendant's policies identified in ¶15 applied (and apply) uniformly, across all of its operations.

24.     Defendant knew or should have known that all non-exempt, hourly employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday were due to have that time included as compensable.

25.     The Defendant knew or should have known that failing to include such time, and thus undercalculating overtime payments, is a violation of the FLSA.

26.     Plaintiff and potential opt-in plaintiffs bring this action against the Defendant because the Defendant has willfully engaged in a pattern and practice of unlawful conduct by

failing to pay its hourly, non-exempt employees for the time they spent (a) traveling for same-day special assignments and/or (b) traveling away from their homes that spanned more than one workday and thus undercalculating their overtime payments in violation of the FLSA. The Defendant's unlawful conduct has been repeated and is consistent.

27.     The conduct of the Defendant, set forth above, has been willful, in bad faith, and has caused significant damages to Plaintiff and potential opt-in plaintiffs.

28.     The Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

29.     Plaintiff consents to sue in this action pursuant to 216(b) of the FLSA. Additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

30.     Plaintiff and potential opt-in plaintiffs bring a Claim for Relief for violation of the FLSA as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b), on behalf of all hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday who were, are, or will be employed by the Defendant during the applicable statute of limitations prior to the date of commencement of this action through the date of judgment of this action, and who have but not been properly compensated as described above. Plaintiff and potential opt-in plaintiffs are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

31.     A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) for all claims asserted by Plaintiff

because the claims of Plaintiff are similar to the claims of the putative members of the Collective Action.

32.     Potential opt-in members of the Collective Action are similarly situated. They have substantially similar pay provisions, and are subject to a common practice, policy or plan that deprives them of their lawful wages.

33.     Plaintiff, and all others similarly situated, was subject to a company-wide policy that purposefully, or alternatively, negligently deprived them of wages for the applicable time under the statute of limitations.

34.     This practice of failing to pay hourly, non-exempt employees for the time they spent (a) traveling for same-day special assignments and/or (b) traveling away from their homes that spanned more than one workday was/is a common practice throughout all of the Defendant's operations.

35.     Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Plaintiff has retained counsel competent and experienced in FLSA and employment law litigation.

36.     The names and addresses of the putative Collective members are available from the Defendant. To the extent required by law, notice will be provided to the prospective collective action members via first class mail and/or by use of techniques in a form of notice that has been used customarily in collective actions, subject to court approval.

37.     Plaintiff brings this action on behalf of himself and the following proposed Collective Action of all similarly-situated employees: hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday during the applicable statute of limitations.

38.     The hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday have been subject to the unlawful practices alleged herein and, therefore, are similarly situated to the Plaintiff and potential opt-in plaintiffs of the Collective Action because the Defendant has uniformly applied the same unlawful policy and thus denied them their lawful overtime in violation of the FLSA.

39.     Per the FLSA, Plaintiff and potential opt-in plaintiffs of the Collective Action seek all available damages including but not limited to lost wages, liquidated damages, attorneys' fees, punitive damages, costs, and all other relief requested.

40.     The claims of the Plaintiff are similar to those of the potential opt-in plaintiffs, in that Plaintiff have been subjected to the same conduct as the potential opt-in plaintiffs of the Collective Action, and Plaintiff's claims are based on the same legal theory as that of the potential opt-in plaintiffs.

41.     While the exact number of potential opt-in plaintiffs is unknown to Plaintiff at the present, based on information and belief, there are potentially greater than 200 such members. Thus, a collective action is the most efficient mechanism for resolution of the claims.

42.     Plaintiff's FLSA claims are maintainable as a Collective Action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, on behalf himself and all putative members of the proposed Collective Action, prays for relief as follows:

i.     Designation of this action as a collective action on behalf of the proposed FLSA collective plaintiffs asserting FLSA claims and prompt issuance of the notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in action,

apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), and a tolling of the statute of limitations on the FLSA collective action plaintiffs' claims until the FLSA potential opt-in plaintiffs are provided with a reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as plaintiffs;

ii.    Designation of Plaintiff as representative of the FLSA Collective Action;

iii.   A declaratory judgment that the practices complained of are unlawful under the FLSA 201 et. seq.;

iv.    An injunction against Defendant and all other persons acting in concert with it, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein;

v.     An award of damages, including lost wages, liquidated and exemplary damages, and waiting time penalties and other statutory penalties;

vi.    That Plaintiff and others similarly situated, be granted judgment against Defendant for all costs of this action, including expert fees and reasonable attorneys' fees, costs, disbursements, and interests;

vii.   Pre-judgment and post-judgment interest as provided by law;

viii.  For such other and further legal and equitable relief as this Court deems necessary, proper, and just.

## COUNT II: INDIVIDUAL FLSA CLAIMS

43.    The Plaintiff hereby incorporates Paragraphs 1-19 in this Count as though fully set forth herein.

44.     Plaintiff was a covered, non-exempt employee under the FLSA at all times during his employment with Defendant and did work in excess of forty hours per week.

45.     Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked by the Plaintiff in excess of 40 hours per week.

46.     Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

47.     Defendant was Plaintiff's "employer" and is liable for violations of the FLSA in this case.

48.     Defendant violated the FLSA by refusing to compensate him for (a) travel for same-day special assignments and (b) travel away from him home that spanned more than one workday for all hours worked over 40 per week.

49.     Defendant has willfully violated the FLSA in refusing to pay the Plaintiff proper overtime for all hours worked by him over 40 per week.

50.     As a result of the foregoing, Plaintiff has suffered damages of lost wages.

51.     Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

### COUNT III- UNPAID WAGES (Class Plaintiffs)

52.     The Plaintiff incorporates Paragraphs 1-19 in this Count by reference.

### CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action against Defendant pursuant to Rules 23(a) and (b)(3), of the Federal Rules of Civil Procedure, on behalf of himself and all other persons and entities similarly situated.  Plaintiff seeks certification of the following class:

All Florida employees of Defendant who are hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday during the applicable time limitations period

Excluded from the Class are Defendant and its affiliates and related companies, its directors, corporate officers, and its immediate family members, and any government entity.

**Numerosity**

51.     The Class consists of hundreds of employees of Defendant who are hourly, non-exempt employees who were required to (a) travel for same-day special assignments and/or (b) travel away from their homes that spanned more than one workday during the applicable limitations period and who were not compensated for such time.

52.     The names and addresses of all Class members can be identified in the business records maintained by the Defendant. The precise number of Class members will be obtained through discovery but based on publicly available information, the numbers are clearly more than can be consolidated in one action, and it is impractical for each Class member to bring suit individually.

**Commonality**

53.     There are questions of law and fact that are common to the claims of Plaintiff and the Class. These common questions predominate over any questions that are particular to any individual Class member. Among such common questions of law and fact are the following:

a.      Whether the Class members are non-exempt, hourly employees;

b.      Whether the Class members were required to (i) travel for same-day special assignments and/or (ii) travel away from their homes that spanned more than one workday;

c.      Whether Defendant properly paid the Class members for to (i) travel for same-day special assignments and/or (ii) travel away from their homes that spanned more than one workday;

   d.  The amount of damages the Class members sustained as a result of the Defendant's wrongful conduct, and the proper measure of such damage.

**Typicality**

54.  Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the Defendant's unlawful conduct. Each Class member has sustained damages as a result of the Defendant's wrongful conduct in the same manner as the Plaintiff – that is, each Class member was not paid their proper wages by Defendant.

**Adequacy of Representation**

55.  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent him. There is no hostility between Plaintiff and the unnamed Class members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

56.  To prosecute this case, Plaintiff has chosen the law firm of Yormak Employment and Disability Law. Mr. Yormak is Board Certified as an expert in labor & employment law and is experienced in class action litigation and has necessary resources required in this type of litigation.

**Requirements of Fed. R. Civ. P. 23(b)(3)**

   **Predominance**

57.  The questions of law or fact common to the claims of the Plaintiff and the Class predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class members are based on the Defendant's failure to properly pay wages, as required by Florida law, for (a) travel for same-day special assignments and/or (b) travel away from the employees' homes that spanned more than one workday.

58.     Common issues predominate when, as here, liability can be determined on a Class-wide basis.

59.     As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class, as it is in this case, common questions will be held to predominate over individual questions.

60.     Because all claims by Plaintiff and the unnamed Class members are based on the same misconduct by the Defendant, in particular, the Defendant's failure to properly pay wages to the Class members - the predominance requirement of Fed. R. Civ. P. 23(b)(3) is satisfied.

**Superiority**

61.     A class action is superior to hundreds of individual actions in part because of the non-exhaustive factors listed below:

   a.     Joinder of all Class members would create extreme hardship and inconvenience because of their geographical dispersion. Class members reside throughout the state.

   b.     Individual claims by the Class members are impractical because the costs to pursue individual claims exceed the value of what any one Class member has at stake. The Defendant is large and well-funded. Moreover, some of the Class members have ongoing employment relationships with Defendant, which may make some Class members fearful or reluctant to pursue their claims, even if they had the resources to do so. As a result, individual Class members are unable to prosecute and control separate actions.

   c.     The interests of justice will be well served by resolving the common disputes of potential Class members in one forum.

   d.     The action is manageable as a class action; individual lawsuits are not economically maintainable as individual actions.

53.     Defendant knew and should have known that the time spent by all of its non-exempt, hourly employees who were required to (i) travel for same-day special assignments and/or (ii) travel away from their homes that spanned more than one workday was compensable.

54.     Defendant knew or should have known that failing to pay its non-exempt, hourly employees for such time is a violation of Florida common law.

55.     Plaintiff and Class members bring this action against Defendant because Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to pay its non-exempt, hourly employees for their time spent for (i) travel for same-day special assignments and/or (ii) travel away from their homes that spanned more than one workday. Defendant's unlawful conduct has been repeated and is consistent.

56.     The conduct of Defendant, set forth above, has been willful, in bad faith, and has caused significant damages to Plaintiff and potential Class members.

57.     Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA or Art. X, Sect. 24, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

58.     Plaintiff, and all others similarly situated, were subject to a company-wide policy that purposefully, or alternatively, negligently deprived them of wages for at least the past several years.

59.     This practice of failing to pay its non-exempt, hourly employees for their time spent for (i) travel for same-day special assignments and/or (ii) travel away from their homes that spanned more than one workday was/is a common practice throughout all of the Defendant's operations.

WHEREFORE the Class Plaintiffs respectfully request this Honorable Court order the following relief:

   i.   Certify this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3); appoint Plaintiff the representative of the Class; and appoint Yormak Employment and Disability Law as Class Counsel;

ii.      Enter judgment for the Class members and against the Defendant on the basis of Defendant's willful violations of Florida common law;

iii.     Award Class Plaintiffs actual damages in the amount shown to be due for unpaid wages for hours worked, with interest;

v.       Award Class Plaintiffs reasonable attorneys' fees and costs of suit; and

vi.      Grant such other and further relief as this Court deems equitable and just.

## COUNT IV: COMMON LAW UNPAID WAGE CLAIM

60.      The Plaintiff hereby incorporates Paragraphs 1-19 in this Count as though fully set forth herein.

61.      Plaintiff was an employee of the Defendant.

62.      The Defendant was required to compensate Plaintiff at his regular rate of pay for all hours worked by the Plaintiff.

63.      The Defendant had operational control over all aspects of the Plaintiff's day-to-day functions during his employment, including compensation.

64.      The Defendant failed to pay Plaintiff at least his regular rate of pay for all hours worked, as described in ¶15, *supra*.

65.      The Defendant has willfully violated Florida law by refusing to pay Plaintiff his regular rate of pay for all hours worked by him.

66.      As a result of the foregoing, Plaintiff has suffered damages of lost wages.

67.      The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees under F.S. §448.08.

## COUNT V- VIOLATION OF THE FWA

68.     The Plaintiff hereby incorporates Paragraphs 1-3 and 5-6 in this Count as though fully set forth herein.

69.     The Defendant employs in excess of 10 employees and is an employer under the FWA.

70.     The Plaintiff began working for the Defendant on or about January 13, 2006 and was employed as a pipe fitter foreman.

71.     The Plaintiff's job duties included, *inter alia*, using extremely heavy equipment and installing extremely large steel pipe and fittings. His job duties required travel over long distances and an ability to focus, which required rest. The Defendant also required that he:

- Must be able to see well (either naturally or with correction);
- Must be able to hear, and speak clearly with professional standard grammar;
- Must use hands, fingers, arms and legs fully; kneel, crouch and crawl; climb and balance on ladders and scaffolds; climb stairs, reach overhead, push, pull, lift;
- Must be able to lift up to 50 pounds; stoop;
- Must be able to work off ladders/lifts/scaffolds, and;
- Evaluate information using measurable standards.

72.     The Plaintiff always performed his assigned duties in a professional manner and were very well qualified for his position.

73.     The Occupational Safety and Health Act's (OSH Act) General Duty Clause requires employers to provide a safe and healthful workplace for all workers covered by the OSH Act, such as the Defendant.

74.     Section 5(a)(1) of the OSH Act, or P.L. 91-596 (the "General Duty Clause") provides that: "Each employer shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees." 29 U.S.C. 654(a)(1).

75.    At all material times, the Plaintiff was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

76.    The Plaintiff's employment was without incident until June 1, 2018, which is when he objected in writing to the Defendant's demands that he work excessive, dangerous hours.

77.    When the Plaintiff objected and refused to work such excessive and dangerous hours, the Defendant terminated him on June 7, 2018.

78.    The Plaintiff did engage in statutorily protected activity by his written objection to, and refusal to participate in, the Defendant's unsafe workplace.

79.    Immediately after engaging in statutorily protected activity, Plaintiff suffered negative employment action, his termination, which is a direct result of his statutorily protected activity.

80.    Plaintiff's termination and his engaging in statutorily protected activity are causally related.

81.   The Defendant knew that Plaintiff was engaged in protected conduct as referenced herein and took adverse action against Plaintiff because of it.

82.   As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, Plaintiff has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

83.    As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

84.   This count is timely filed.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) an injunction restraining continued violation of this act,

(b) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(c) reinstatement of full fringe benefits and seniority rights,

(d) compensation for lost wages, benefits, and other remuneration,

(e) any other compensatory damages allowable at law,

(f) attorney's fees, court costs and expenses, and

(g) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff, potential opt-in plaintiffs, and Class members demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: June 27, 2019       **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com