Exhibit 1

## SETTLEMENT AGREEMENT, WAIVER, AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement, Waiver, and Release ("Agreement") is made between Plaintiff, Jamie Allen ("Plaintiff"), and Defendant, B&I Contractors, Inc., its members, managers, shareholders, principals, officers, directors, employees, agents, attorneys, affiliated companies, and insurers (collectively referred to as "B&I Contractors").

### RECITALS

**WHEREAS,** Plaintiff filed a lawsuit against B&I Contractors, styled *Jamie Allen v. B&I Contractors, Inc.*, Case No. 2:19-CV-444-SPC-NPM, pending in the United States District Court for the Middle District of Florida (Ft. Myers Division) (the "Lawsuit"), seeking—in part—allegedly unpaid wages and compensation, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act and Florida state, detailed in Counts I through IV in the Lawsuit (collectively referred to as the "Wage and Hour Claims");

**WHEREAS,** B&I Contractors denies the allegations in the Lawsuit, including particularly the Wage and Hour Claims;

**WHEREAS,** Plaintiff and B&I Contractors exchanged information and documents regarding the amount of hours worked and the compensation as it relates to the Wage and Hour Claims.

**WHEREAS,** Plaintiff and B&I Contractors, without any admission of liability or damages, mutually desire to settle their differences as to the Wage and Hour Claims with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff concerning such Wage and Hour Claims as set forth below.

**NOW, THEREFORE,** in consideration of the mutual promises and agreements set out herein, Plaintiff and B&I Contractors agree as follows:

1. **Consideration Paid To Plaintiff:** In exchange for and as consideration for Plaintiff's release of the Wage and Hour Claims raised in the Lawsuit and execution of this Agreement, and for the dismissal with prejudice of the Lawsuit, B&I Contractors agrees to cause to be paid to Plaintiff the gross amount of One Thousand Five Hundred and No/100 Dollars ($1,500.00) for all claims, inclusive of fees and costs related to the Wage and Hour Claims, which will be paid as follows:

    (a) a check made payable to Jamie Allen in the amount of Two-Hundred Fifty and No/100 Dollars ($250.00), minus applicable deductions as required by law, will be attributable to payment of

unpaid wages/overtime;

(b) a check made payable to Jamie Allen in the amount of Two-Hundred Fifty and No/100 Dollars ($250.00), will be attributable to payment of liquidated damages; and

(c) a check for One Thousand and No/100 Dollars ($1,000.00), made payable to the Yormak Employment & Disability Law, which amount will be attributable to payment for Plaintiff's attorney's fees and costs.

Plaintiff acknowledges that, upon receipt of the settlement checks identified above, he has been properly and fully paid for all scheduled and unscheduled hours worked.

Plaintiff and B&I Contractors acknowledge and affirm that the portion of the above consideration attributable to attorney's fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for unpaid wages and liquidated damages. Plaintiff and B&I Contractors specifically are aware of, and agree with, the amount of attorney's fees and costs to be paid to Plaintiff's counsel for representing Plaintiff's interests in this matter.

A W-2 will be issued to Plaintiff for all amounts attributable to wages (such payment is considered supplemental wages and will be taxed in accordance with Treas. Reg. § 31.3402(g)-1(a)(6)(ii)), and an IRS Form 1099 will be issued to Plaintiff for liquidated damages, compensatory damages, and attorney's fees. An IRS Form 1099 will be issued to the Yormak Employment & Disability Law for attorney's fees and costs. Plaintiff agrees to provide an updated W-4 along with a W-9 to B&I Contractors, and Plaintiff agrees to cause a W-9 on behalf of his attorneys to be sent to B&I Contractors.

2. **Tax Liability and Indemnity:** Plaintiff agrees that he will be liable for all taxes which may be due as a result of the consideration received from paragraph 1(b) and (c) of the settlement of his disputed Wage and Hour Claims as set forth in this Agreement. Plaintiff will indemnify, defend, and hold harmless to the full extent allowed by law or equity, the B&I Contractors from and against any and all liabilities, penalties, costs, and expenses of any type, kind, or nature, arising from or related to taxation or deductions from the amounts being paid in connection with this Agreement or any failure to properly report and/or pay taxes upon amounts paid to Plaintiff that are reported on an IRS Form 1099. Plaintiff will not be liable for the B&I Contractors's failure to pay their own tax liability, if any.

3. **Exclusive Authority:** Plaintiff represents and warrants that no person other than himself had or has any claims to any interest in the Wage and Hour Claims made against B&I Contractors; that he has the sole right and exclusive authority to execute this Agreement; and that he has not sold, assigned, transferred, conveyed or

otherwise disposed of any claim or demand relating to any matter covered by this Agreement, except as may relate to his fee agreement with his attorney.

4. **No Admission of Liability:** Plaintiff acknowledges that B&I Contractors denies any liability whatsoever with respect to the Wage and Hour Claims made by Plaintiff. In accepting payment in consideration for this Agreement, Plaintiff agrees that such payment is tendered and accepted to resolve all his pending issues relating to his unpaid wages with B&I Contractors, and that this will not be construed as an admission by B&I Contractors of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether under any federal, state or local law.

5. **Release of Claims in Exchange for Payments:** In return for the various promises included in this document, Plaintiff releases and fully discharges B&I Contractors, from all Wage and Hour Claims brought in the Lawsuit, including any claims for unpaid compensation, liquidated damages, interest, attorney's fees, or litigation expenses associated with the Lawsuit, as detailed in Counts I through Counts IV. The parties acknowledge and agree that the release provided in this Agreement does not apply to any non-Wage and Hour Claims that Plaintiff has asserted or may possess.

6. **Timing of Settlement Payments:** There shall be no responsibility to tender the consideration outlined in Provision 1 above on behalf of B&I Contractors, until ten (10) days after: (a) the Court has issued approval of the proposed settlement and this Agreement and dismissed the case; and (b) the necessary tax forms for Plaintiff and his counsel, outlined in paragraph 1 above, are provided to B&I Contractors. Plaintiff's counsel will be solely responsible for distribution of the settlement checks in this matter.

7. **Cooperation:** The Parties to this Agreement agree to cooperate fully and execute any supplemental documents and to take any additional actions which may be necessary or appropriate to give full effect to the terms and intent of this Agreement.

8. **Knowing and Voluntary (Plaintiff):** Plaintiff understands and acknowledges that he will receive compensation to which B&I Contractors disputed his entitlement. He further acknowledges that he is entering into this Agreement freely, knowingly, and voluntarily with a full understanding of its terms and conditions.

9. **Parties Represented by Counsel:** This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the Agreement.

10. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida. Florida law shall also govern any non-contractual issues that may arise.

11. **Enforcement of Agreement:** The parties agree that before beginning any action to enforce any of the provisions of this Agreement they will provide thirty (30)-days' prior written notice to the other party. The parties further agree that the proper venue for any action to enforce this Agreement is the courts with jurisdiction over Lee County, Florida.

12. **Waiver of Jury Trial.** TO THE EXTENT PERMITTED BY LAW, IN THE EVENT OF A DISPUTE BETWEEN THE PARTIES, PLAINTIFF AND B&I CONTRACTORS ELECT TO HAVE A JUDGE RATHER THAN A JURY RESOLVE ANY FUTURE DISPUTES AND WAIVE A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING IN ANY ACTION OR PROCEEDING RELATING TO THIS AGREEMENT. THE PARTIES UNDERSTAND THAT THE RIGHT TO A TRIAL BY JURY IS A CONSTITUTIONAL RIGHT AND THAT THIS ELECTION TO HAVE A JUDGE DETERMINE ANY CLAIM, RATHER THAN A JURY, IS A VOLUNTARY CHOICE.

13. **Attorneys' Fees:** In the event that either party institutes legal action to enforce any of the provisions of this Agreement, costs and reasonable attorney's fees shall be awarded to the prevailing party.

14. **Non-Assignment:** This Agreement shall not be assignable or transferable by Plaintiff.

15. **Modification:** This Agreement cannot be modified except with approval of a court of competent jurisdiction.

16. **Severability:** If any provision of this Agreement other than Provisions 1 and 5 or the application of any provision other than Provisions 1 and 5 is held invalid, such invalidation shall not affect other provisions or application of this Agreement and to this end the provisions of this Agreement are declared severable provided the intent of the Agreement can still be fulfilled by the Parties.

17. **Entire Agreement:** This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of Plaintiff's Wage and Hour Claims against B&I Contractors and the other subject matters addressed between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter of this Agreement. This is an integrated document.

[THIS SPACE LEFT INTENTIONALLY BLANK]

18. **Execution:** This Agreement may be executed in counterparts. An executed version of this Agreement, if transmitted by electronic means as provided for under Florida law, will be effective and binding as if it were the originally executed document.

Done and signed this day by:

4-23-20
(Date)

*Jamie Allen*
JAMIE ALLEN

[THIS SPACE LEFT INTENTIONALLY BLANK]

Done and signed this day by:

4-21-2020
_____
(Date)

By: _____
BRIAN KELLY
*As Authorized Representative*
B&I CONTRACTORS, INC.

5547914.v1