UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMIE ALLEN, an individual, and on
behalf of himself and all other
similarly situated individuals,

    Plaintiff,

v.                                          Case No:   2:19-cv-444-FtM-38NPM

B&I CONTRACTORS, INC., a Florida
corporation,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on the Joint Motion for Settlement Approval and Entry of Order of Dismissal filed on April 23, 2020. (Doc. 30). Plaintiff Jamie Allen and Defendant B&I Contractors, Inc. request the Court approve the parties' settlement of the Fair Labor Standards Act claims asserted in this case and dismiss this matter pursuant to Rule 41(a)(2). After a careful review of the parties' submissions and the Court file, the Court recommends approval of the FLSA settlement and dismissal of this action.

## LEGAL STANDARD

Plaintiffs brought this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. To avoid the risk that settlements of such claims without court approval may not be enforceable, litigants often seek court approval of the settlement of their FLSA

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

claims in conjunction with their stipulated dismissal of the case. And to obtain approval of anything short of a full compensation agreement, courts in this Circuit generally require the filing of the settlement agreement on the public docket for review. Any additional terms, such as non-disparagement or confidentiality provisions, are generally approved when they are for the benefit of the employee or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates, LLC*, No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, at *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees v. Hydrady, Inc.*, 706 F. Supp 2d 1227, 1241 (M.D. Fla. 2010). Nevertheless, when scrutinizing FLSA settlements for fairness, courts generally evaluate:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

### CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

Plaintiff alleges he worked as a pipefitter for Defendant beginning in January 2006. (Doc. 30 at 1). After nine years, Plaintiff was moved to the position of foreman. (*Id.*). In that position, Defendant provided Plaintiff with a company vehicle to drive to and from jobsites, usually within the area. (*Id.*). Plaintiff alleges he was not compensated for his travel time and overtime wages. (*Id.*). Defendant denies these allegations and disputes that Plaintiff is entitled to any monetary award for his wage and hour claims. (Doc. 30-1 at 1). In sum, the parties have a bona fide dispute. (Doc. 30 at 4).

As for the settlement, there is no indication of any fraud or collusion. Rather, after exchanging information and participating in mediation, the parties came to a compromise to settle this action, and their counsel consider the settlement agreement fair and reasonable under the circumstances. (Doc. 30 at 5-8). At bottom, the parties reached a settlement to avoid the uncertainty, delay and expense associated with continuing litigation in this matter. (*Id.*).

After an investigation and exchange of information, the parties agreed to the following terms: (1) Plaintiff will receive $250.00 in unpaid wages; and (2) Plaintiff will receive $250.00 in liquidated damages. (Docs. 30 at 3; 30-1 at 1-2). On balance, the monetary terms appear fair and reasonable considering the range of possible recovery and probability of Plaintiff's success on the merits.

Finally, the proposed settlement includes an agreement that Defendant pay $1,000.00 to Plaintiff's counsel for fees and costs. (Doc. 30-1 at 2). The parties represent this term was negotiated separately, and without regard to the amount paid to Plaintiff. (*Id.*). This aspect of the settlement also appears fair and reasonable. *See Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

## CONCLUSION

For the foregoing reasons, the Court finds the settlement of the FLSA claims (Doc. 30-1) to be a fair and reasonable resolution of a bona fide dispute.

Accordingly, it is respectfully **RECOMMENDED** that:

(1) The settlement agreement (Doc. 30-1) be approved by the Court as a fair and reasonable resolution of a bona fide dispute of the parties' FLSA claims.

(2) The Joint Motion for Settlement Approval and Entry of Order of Dismissal ([Doc. 30](Doc. 30)) be **GRANTED**.

(3) And the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on April 24, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.